Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia
### Atlanta Division

| | | |
|---|---|---|
| **Sherry Couch** | ) | Case No. _____ |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | **Jury Trial:** *(check one)*  ☒ Yes  ☐ No |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **See Attached** | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.)* | | |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Sherry Couch |
| Street Address | 400 Edgmont Avenue, #32 |
| City and County | Chester, Delaware |
| State and Zip Code | Pennsylvania 19016 |
| Telephone Number | 727-433-8327 |
| E-mail Address | scmdelta30@icloud.com |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | DOUGLAS COUNTY, GEORGIA |
| Job or Title *(if known)* | |
| Street Address | 8700 Hospital Drive |
| City and County | Douglasville, Douglas |
| State and Zip Code | GA 30134 |
| Telephone Number | 770-949-2000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | STATE BAR OF GEORGIA |
| Job or Title *(if known)* | |
| Street Address | 104 Marietta Street |
| City and County | Atlanta, Fulton |
| State and Zip Code | GA 30303 |
| Telephone Number | 404-527-8700 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | COURTNEY VEAL |
| Job or Title *(if known)* | Individually and in his professional capacity as Direector GA Jud |
| Street Address | 244 Washington Street, SW Suite 440 |
| City and County | Atlanta, Fulton |
| State and Zip Code | GA 30334 |
| Telephone Number | 404-558-6940 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | ANNETTA STEMBRIDGE, |
| Job or Title *(if known)* | Individually and as Clerk of Court for Douglas County, Georgia |
| Street Address | 8700 Hospital Drive |
| City and County | Douglasville, Douglas |
| State and Zip Code | GA 30134 |
| Telephone Number | 770-949-2000 |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)*   astembridge@douglascountyga.gov

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Intentional Tort
Fraud Upon The Court
Unlawful Conversion
Personage Violation
Usufruct Violation
Peonage Violation
18 U.S. Code § 287
18 U.S. Code § 471
18 U.S. Code § 1001
18 U.S. Code § 1010
18 U.S. Code § 1014
18 U.S. Code § 1341
18 U.S. Code § 1343
18 U.S. Code § 1344
18 U.S. Code § 1621
18 U.S. Code § 1962
18 U.S. Code § 2071
18 U.S. Code § 2076
19 U.S. Code § 1592
28 U.S. Code § 1331
28 U.S. Code § 4101
42 U.S. Code § 1983
42 U.S. Code § 1985
TREATY OF PEACE AND FRIENDSHIP ·
UNITED STATES CONSTITUTION - 1ST, 5th, 8th, 14th AMENDMENTS

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

    a.    If the plaintiff is an individual

        The plaintiff, *(name)*  Sherry Couch , is a citizen of the

        State of *(name)*  Pennsylvania .

    b.    If the plaintiff is a corporation

        The plaintiff, *(name)* _____ , is incorporated

        under the laws of the State of *(name)* _____ ,

        and has its principal place of business in the State of *(name)*

        _____ .

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

    a.    If the defendant is an individual

        The defendant, *(name)* _____ , is a citizen of

        the State of *(name)* _____ . Or is a citizen of

        *(foreign nation)* _____ .

    b.    If the defendant is a corporation

        The defendant, *(name)*    DOUGLAS COUNTY, GEORGIA , is incorporated under

        the laws of the State of *(name)*    GEORGIA , and has its

        principal place of business in the State of *(name)*    GEORGIA .

        Or is incorporated under the laws of *(foreign nation)* _____ ,

        and has its principal place of business in *(name)*    GEORGIA .

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

    The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

    The egregiousness of this complaint, including multiplle layers of fraud, racketeering and numerous violations of statues and codes totaling $5,000,000 with 15 USC 15 totalling $15,000,000.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**III.    Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Attached

**IV.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Relief Under Rule 60(b) of the Federal Rules of Civil Procedure
•       Grounds for Relief: Rule 60(b) allows a party to seek relief from a final judgment, order, or proceeding due to fraud, misrepresentation, or misconduct by an opposing party.
•       Relevant Section: Rule 60(b)(3) (fraud, misrepresentation, or misconduct) and Rule 60(b)(6) (any other reason that justifies relief).
•       Relief Requested:
o       Vacate the judgment or order that was obtained through fraud.
o       Reopen the case for proper proceedings.

2. Relief Under 42 U.S.C. § 1983 (Civil Rights Violations)
•       Grounds for Relief: The alleged collusion resulted in a deprivation of Plaintiffs constitutional rights (e.g., due process, equal protection), allowing the filing of this civil rights lawsuit under 42 U.S.C. § 1983.
•       Relief Requested:
o       Compensatory and punitive damages for the violation of constitutional rights.
o       Declaratory relief acknowledging that Plaintiffs rights were violated.
o       Injunctive relief to prevent further violations or ensure fair treatment in future proceedings.

3. Relief Under 42 U.S.C. § 1985 (Conspiracy to Deprive Rights)
•       Grounds for Relief: The attorney, judge, and clerk conspired to interfere with your civil rights, which allows a claim under 42 U.S.C. § 1985(3).
•       Relief Requested:
o       Monetary damages for harm caused by the conspiracy.
o       Declaratory or injunctive relief to address ongoing harm or prevent future misconduct.

4. Fraud Upon the Court
•       Grounds for Relief: Fraud upon the court occured when officers of the court (e.g., judges, attorneys, clerks) engaged in deceit or collusion that undermined the integrity of the judicial process.
•       Relief Requested:
o       Vacate any judgment or order tainted by fraud upon the court.
o       Request sanctions against the offending parties, including disbarment for the attorney and discipline for the judge and clerk.

5. Declaratory Relief (28 U.S.C. § 2201)
•       Grounds for Relief: Seek a court declaration that the actions taken against you were unlawful and that the judgment was fraudulently obtained.
•       Relief Requested:
o       A declaratory judgment stating that the judgment is void due to fraud and collusion.
o       A declaration that your constitutional rights were violated.

6. Injunctive Relief
•       Grounds for Relief: The misconduct was ongoing which brough further harm, allowing Plaintiff to seek an injunction.
•       Relief Requested:
o       A court order prohibiting the individuals involved from continuing their unlawful behavior.
o       An order requiring the court to rehear your case with impartial officers.

7. Request for Federal Oversight or Investigation
•       Grounds for Relief: Misconduct involved federal constitutional violations and systemic corruption, and Plaintiff request federal oversight.
•       Relief Requested:
o       Refer the case to the Department of Justice (DOJ) or the Federal Bureau of Investigation (FBI) for investigation into judicial or legal corruption.
o       Request intervention by a higher federal court to oversee the proceedings.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

8. Referral for Disciplinary Action
• Grounds for Relief: Attorneys, judges, and clerks who engaged in misconduct face professional discipline.
• Relief Requested:
o A grievance with the state bar association against the attorney be filed from the court.
o Request judicial review or discipline through the appropriate state commission on judicial conduct.
o File a complaint with the administrative office of courts for the clerk's misconduct.

Additional Relief Sought
1. Compensatory Damages
o Full reimbursement of all child support payments wrongfully collected.
o Monetary compensation for the wrongful loss of Plaintiff's property, including Plaintiff's share of the marital home and personal belongings.
o Reimbursement of legal fees, prose fees, filings and costs incurred due to fraudulent proceedings.
o Compensation for emotional distress, pain, and suffering caused by the Defendants' wrongful actions.
o Compensation for financial losses resulting from fraudulent actions, including loss of property value due to the fraudulent Quitclaim Deed.
2. Punitive Damages
o Punitive damages against Defendants for their willful, malicious, and fraudulent misconduct, including filing false abandonment claims and engaging in fraudulent legal proceedings.
o Additional punitive damages against Douglas County, the State Bar of Georgia, and the Georgia Judicial Qualifications Commission for negligence and failure to prevent or correct misconduct.
3. Declaratory Relief
o A declaration that the child support order was wrongfully issued and should be voided.
o A declaration that the Quitclaim Deed was fraudulent and should be rescinded.
o A declaration that the fraudulent abandonment claim was unlawful and should be expunged from court records.
o A declaration that the divorce decree was obtained through fraud and should be reconsidered or vacated.
4. Injunctive Relief
o An order preventing Douglas County Division of Child Support Services from further enforcing child support obligations against Plaintiff.
o An order requiring the Clerk of Court to rescind and properly record the fraudulent Quitclaim Deed.
o An order barring Defendant Scott Kelly Camp from practicing law due to repeated fraudulent filings and ethical violations.
o An order requiring the Georgia Judicial Qualifications Commission to investigate Judge William Beau McClain for misconduct.
5. Restitution
o Return of all personal property wrongfully withheld by Defendants, including sentimental and irreplaceable items.
o Restoration of Plaintiff's rightful share of marital property, including financial compensation for any losses suffered due to the fraudulent property division.
6. Additional Relief
o A formal investigation into the misconduct of the attorneys and court officials involved.
o Criminal referrals for violations of federal and state fraud and racketeering laws.
o Any other relief the Court deems just and proper.

Relief Sought: Monetary Damages:
Actual Damages:  1,069,927.00
Punitive Damages: 3,930,073.00
TOTAL Including (15 USC 15): $15,000,000.00

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            02/05/2025

Signature of Plaintiff      *Sherry Couch © Without Prejudice All Rights Reserved*

Printed Name of Plaintiff   Sherry Couch

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Sherry Couch,

*Plaintiff,*

Vs.

DOUGLAS COUNTY, GEORGIA
STATE BAR OF GEORGIA
COURTNEY VEAL, individually and in her official capacity as
Director for The Judicial Qualifications Commission of
Georgia
ANNETTA DANLEY STEMBRIDGE, individually and in her
official capacity as Clerk of Court for Douglas County, GA
SCOTT KELLY CAMP, individually and in his professional
capacity as an attorney with Scott K. Camp and Associates,
LLC
SCOTT K. CAMP AND ASSOCIATES, LLC
DOUGLAS COUNTY DIVISION OF CHILD SUPPORT SERVICES
ANDRE LAMAR ADAMS
SAADIA MARIE BILLINGSLEY ADAMS

*Defendants.*

**Case No.:**

_____

**VERIFIED COMPLAINT AND
REQUEST FOR RELIEF**

**JURY TRIAL DEMANDED**

I. B. Defendant's List Continued:

Defendant No. 5
| | |
|---|---|
| Name | SCOTT KELLY CAMP, Individually and as attorney. |
| Job Title (*if known*) | Attorney |
| Street Address | 6655 Church Street |
| City and County | Douglasville, Douglas |
| State and Zip Code | GA, 30134 |
| Telephone Number | 770-949-9055 |
| Email | scott@attorneyscottcamp.com |

Defendant No. 6
Name                    SCOTT K. CAMP AND ASSOCIATES LLC
Job Title (*if known*)  Attorney
Street Address          6655 Church Street
City and County         Douglasville, Douglas
State and Zip Code      GA, 30134
Telephone Number        770-949-9055
Email                   scott@attorneyscottcamp.com

Defendant No. 7
Name                    Douglas County Division of Child Support Services
Job Title (*if known*)  Attn: Candice L. Broce
Street Address          Two Peachtree Street NW, Suite 29-250
City and County         Atlanta Fulton
State and Zip Code      Georgia 30303-3142
Telephone Number        (770) 489-3000
Email Address

Defendant No. 8
Name                    Andre Lamar Adams
Job Title (*if known*)
Street Address          2480 Greythorne Commons
City and County         Douglasville Douglas
State and Zip Code      Georgia 30135
Telephone Number        404-596-0010
Email Address           erdna33@aol.com

Defendant No. 9
Name                    Saadia Marie Billingsley Adams
Job Title (*if known*)
Street Address          2480 Greythorne Commons
City and County         Douglasville Douglas
State and Zip Code      Georgia 30135
Telephone Number        404-353-1631
Email Address           AdamsS11@fultonschools.org

II. B. 2. Defendants (continued)

2.    If the defendant is a corporation

      The defendant, STATE BAR OF GEORGIA, is incorporated under the

      laws of the State of Georgia, and has its principal place of business in the State of

      Georgia.

3.    If the defendant is an individual

      The defendant, Courtney Veal, is a citizen of the State of Georgia.

4.     If the defendant is an individual

The defendant, Annetta Stembridge, is a citizen of the State of Georgia.

5.     If the defendant is an individual

The defendant, Scott Kelly Camp, is a citizen of the State of Georgia.

6.     If the defendant is a corporation

The defendant, SCOTT K. CAMP AND ASSOCIATES, LLC, is incorporated under the laws of the State of Georgia, and has its principal place of business in the State of Georgia.

7.     If the defendant is a corporation

The defendant, DOUGLAS COUNTY DIVISION OF CHILD SUPPORT SERVICES, is incorporated under the laws of the State of Georgia, and has its principal place of business in the State of Georgia.

8.     If the defendant is an individual

The defendant, ANDRE LAMAR ADAMS, is a citizen of the State of Georgia.

9.     If the defendant is an individual

The defendant, SAADIA MARIE BILLINGSLEY ADAMS, is a citizen of the State of Georgia.

STATEMENT OF CLAIM:

**Nature of the Action**

1. This is a civil action brought under federal law to address violations of Plaintiff's common law rights, equitable rights, constitutional rights and state laws, including improper handling of a divorce proceeding, fraudulent misrepresentation in an abandonment claim, refusal to address fraudulent actions regarding a Quitclaim Deed, negligence by the State Bar of Georgia and GA Judicial Qualifications Committee, wrongful child support collection, and other related misconduct by Defendants. Plaintiff seeks compensatory and punitive damages, declaratory relief, and injunctive relief against the Defendants.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights violations), as well as 28 U.S.C. § 1367 for supplemental jurisdiction over state law claims.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Georgia and the Defendants reside in Georgia. Plaintiff domiciles in Pennsylvania.

**Parties**

4. **Plaintiff**: Sherry Couch, domiciles in Pennsylvania, currently residing in Delaware County.

5. **Defendants**:

   a. Douglas County, Georgia, responsible for judicial and administrative actions within its jurisdiction.

   b. State Bar of Georgia, responsible for overseeing attorney misconduct.

   c. Courtney Veal, Director for the Georgia Judicial Qualifications Commission, responsible for investigating judicial complaints.

   d. Annetta Danley Stembridge, Clerk of Court for Douglas County, responsible for processing legal documents.

   e. Scott Kelly Camp, attorney at SCOTT K. CAMP AND ASSOCIATES, LLC, who was involved in the fraudulent actions against Plaintiff.

   f. SCOTT K. CAMP AND ASSOCIATES, LLC, the law firm employing Defendant Scott Kelly Camp.

   g. Douglas County Division of Child Support Services, responsible for enforcing child support.

   h. Andre Lamar Adams, Plaintiff's ex-husband, residing at 2480 Greythorne Commons, Douglasville, GA 30135.

   i. Saadia Marie Billingsley Adams, a co-defendant, spouse of Andre Lamar Adams involved in fraudulent actions, residing at 2480 Greythorne Commons, Douglasville, GA 30135.

**Factual Allegations**

6. Plaintiff was the lawful custodian of Brishe' Adams, who resided with Plaintiff until March 2020.

7. Plaintiff had lawful custody under a valid, initiated agreement between Plaintiff and Defendant, Andre Lamar Adams, which was in place beginning July 2018.

8. Defendants Andre Lamar Adams and his attorney, Scott Kelly Camp of Scott K. Camp and Associates LLC, filed fraudulent abandonment documents on or about September 2019, claiming that Plaintiff abandoned the child when the child was with Plaintiff and had been since Plaintiff left Andre Lamar Adams, July 2018.

9. Georgia abandonment law states a parent has abandoned the child for more than 30 Days, failed to visit the child and has not provided the child's need.

10. Andre Lamar Adams did not visit the child for more than 30 days, did not supply any monetary assistance to the child for more than 30 days nor took care of any of the child's needs.

11. Defendants Andre Lamar Adams and his attorney, Scott Kelly Camp purposefully and maliciously acted as a complete swindler and shyster in an unethically and fraudulent way filing abandonment court documents against Plaintiff.

12. Defendants Andre Lamar Adams and his attorney, Scott Kelly Camp, unknowingly to the Plaintiff filed for a divorce on the abandonment premises as well, even though Defendant Andre Lamar Adams harassed Plaintiff via text 3-5 times a week.

13. Defendants Andre Lamar Adams and his attorney, Scott Kelly Camp concocted a lie in sworn court documents stating Plaintiffs brother, Wendell Arnold and Plaintiffs daughter, Brandi Maddox had no knowledge of Plaintiff's whereabouts which was a complete fabrication, and both had direct contact with Plaintiff.

14. Plaintiff was publicly shamed when Defendants Andre Lamar Adams and his attorney, Scott Kelly Camp published her name in the county newspaper as a missing person.

15. The Plaintiff had no knowledge her name had been placed in the county newspaper as a missing person until the court case.

16. Andre Lamar Adams called the Plaintiff January 2020 and left a message stating, "We are now divorced, and you can pick the papers up from the county courthouse."

17. These actions wrongfully transferred custody to Andre Lamar Adams.

18. Brishe' Adams was illegally and fraudulently removed from Plaintiff's custody from a fraudulent divorce filing and court case.

19. Plaintiff was forced to pay child support to Defendant Andre Lamar Adams after this fraudulent filing and court case.

20. All of Plaintiff's evidence was not accepted from Judge William Beau McClain.

21. The Plaintiff never received any of Defendant Andre Lamar Adams evidence from the trials, nor was it ever placed in the court docket.

22. Janissa Miller, Director of Operations, Superior and State Courts of Douglas County sent Plaintiff an email on September 1, 2022, stating the following, "Case 19CV01945 ANDRE ADAMS VS SHERRY ADAMS-no evidence that has been tendered or admitted into this case."

23. Defendant Andre Lamar Adams was awarded everything in the case and the Plaintiff received absolutely nothing, not even her father's burial flag, college and high school diplomas, baby pictures or her portion of the home she invested in with her retirement account.

24. Plaintiff submitted a current 2020 Comparative Market Analysis on the home from the Georgia MLS system and a national CMA from the National Association of Realtors, but Judge William Beau McClain, friend of Attorney Scott Kelly Camp decided to take an outdated 2018 Tax Bill to determine the worth of the home.

25. The CMA's placed the house worth at $300,000 but the court accepted the worth from the outdated tax bill to be $218,000.

26. After trying to leave numerous times but constantly being blocked by Defendant Andre Lamar Adams and his attorney, Scott Kelly Camp, Plaintiff's daughter put her foot down and left Defendants' custody July 2023.

27. Brishe' Adams suffered greatly while in Defendant Andre Lamar Adams' custody including but not limited to GPA falling from a B+ to a C GPA, lack of care, no supervision where she was allowed to go to a house party where two children were killed.

28. The Plaintiff was still forced to pay the illegal and fraudulent child support even though child was in her custody.

29. Despite Plaintiff's custody, Defendant Douglas County Division of Child Support Services continued to collect child support from Plaintiff even though they had been informed more than twenty times.

30. Defendant Douglas County Division of Child Support Services ignored Plaintiff's protests about these fraudulent claims and continued to enforce child support obligations.

31. The Plaintiff never agreed to a contract with Douglas County Division of Child Support Services or agreed to ever pay child support.

32. The Quitclaim Deed submitted in the divorce proceeding was fraudulent as Plaintiff was unaware, she had been pulled into a contract she had no knowledge of and was made to sign under the duress of threats of being jailed by Attorney Scott Kelly Camp of Scott K. Camp And Associates, LLC.

33. Despite presenting evidence of the fraud and rescinding the signature on the Quitclaim Deed Plaintiff was made to sign under duress, Defendant Douglas County Clerk of Court Annetta Stembridge refused to rescind the deed even though proper paperwork had been completed, filed and fee check cashed.

34. Defendant Annetta Stembridge refused to respond to Plaintiff's request in asking what was needed to properly file the rescinded Quitclaim Deed in the proper category and she refused to answer Plaintiff's multiple letters and emails.

35. Defendant Scott Kelly Camp continued fraudulent and egregious behavior by trying to pull Plaintiff into Douglas County Court even though he stated in his own document the same court did not have jurisdiction.

36. Defendant Scott Kelly Camp and Defendant Andre Lamar Adams served Plaintiff fraudulent court documents December 28, 2024, for a court case dated December 11, 2024, that had passed and was scheduled in the same out-of-jurisdiction court.

37. Defendant Scott Kelly Camp repeatedly lied and deceived the judicial system with his unscrupulous, shyster, and unethical behavior.

38. Defendant Scott Kelly Camp, in his multiple fraudulent filings, asked the courts to have the Plaintiff jailed.

39. Defendant State Bar of Georgia failed to investigate three complaints against Defendant Scott Kelly Camp for misconduct during legal proceedings.

40. Plaintiff has proof all three complaints had been delivered to the State Bar of Georgia by the United States Postal Service and it appears the complaints were purposely being blocked and ignored.

41. Defendant State Bar of Georgia to date has not responded at all to two complaints and refuse any discipline on the first complaint.

42. Judge William Beau McClain, judge for Douglas County, Georgia colluded with Attorney Scott Kelly Camp and Defendant Andre Lamar Adams in blocking the Plaintiff from receiving the transcript for a court case involving the alleged theft of federal funds via a refinancing.

43. This same judge refused to give the Plaintiff a new hearing after multiple requests.

44. Defendant Courtney Veal refused to process Plaintiff's complaint against Judge William Beau McClain.

45. Through research, Plaintiff is aware there was a severe conflict of interest between Defendant Courtney Veal and Judge William Beau McClain as they had a working relationship when she was an Assistant Solicitor General in Douglas County, Georgia.

46. It appears Defendant Courtney Veal prevented Plaintiff's case from being reviewed by The Judicial Qualifications Commission of Georgia.

47. Defendant Annetta Stembridge failed to properly file the rescinded Quitclaim Deed, violating her duties as the Clerk of Court for Douglas County.

48. Defendant Saadia Marie Billingsley Adams assisted Andre Lamar Adams in breaching the marital contract by having an adulterous affair with Andre Lamar Adams since May 2018.

49. Defendant Saadia Marie Billingsley Adams came into the Plaintiff's home numerous times while having this affair and even being introduced to Plaintiff's child in December 2018.

50. Defendant Saadia Marie Billingsley Adams flaunted and paraded her mistress behavior on Facebook stating her and Andre Adams began their adulterous relationship in 2018 with no care whatsoever for Plaintiff's children, family, or reputation.

51. Defendant Saadia Marie Billingsley Adams had known Defendant Andre Lamar Adams since the 1980's when they both attended D.M. Therrell High School in Atlanta, Georgia.

52. Defendant Saadia Marie Billingsley Adams colluded with Defendant Andre Lamar Adams in throwing out Plaintiffs belongings and keeping other items for their own

personal use. This can be validated through multiple pictures they parade on Social Media.

53. All Defendants worked cohesively together to pull off this collusion and plotted scheme to prevent Plaintiff from receiving her fair and equitable rights.

54. All Defendants placed Plaintiff in a peonage state fraudulently and cohesively working together to deceive the court system and the public.

55. This entire Defendant list was a part of an organized, operation, syndicated, adjoined cartel where every person and organization gang piled on the Plaintiff to defame, destroy, steal from, and publicly humiliate her.

56. These Defendants were informed of potential issues with the system, including fraud, waste, and abuse. They did not take action to address these concerns or protect the rights of the plaintiff.

---

**Claims for Relief**
**Count I: Violation of Due Process (14th Amendment)**
57. Defendants, including Douglas County, Georgia, violated Plaintiff's constitutional rights by depriving her of due process during the divorce and child support proceedings.
**Count II: Fraudulent Misrepresentation**
58. Defendants Scott Kelly Camp, Scott K. Camp and Associates, LLC, Andre Lamar Adams and Saadia Marie Billingsley Adams knowingly misrepresented facts related to the child's abandonment, causing financial and emotional harm to Plaintiff.
**Count III: Violation of Georgia State Law (Abandonment Statute)**
59. Defendants Scott Kelly Camp, Scott K. Camp and Associates, LLC, and Andre Lamar Adams violated Georgia law by filing a fraudulent abandonment claim against Plaintiff, depriving her of custody without just cause.
**Count IV: Conversion**
60. Defendants Scott Kelly Camp, Scott K. Camp and Associates, LLC, Andre Lamar Adams and Saadia Marie Billingsley Adams wrongfully retained Plaintiff's personal property, including items of significant sentimental value.
**Count V: Breach of Equitable Distribution in Divorce**
61. Defendants Douglas County, Scott Kelly Camp, Scott K. Camp and Associates, LLC, Andre Lamar Adams participated in the scheme and plot which failed to fairly distribute marital property, including the marital home, which Plaintiff had a rightful claim to.
**Count VI: Failure to Address Fraudulent Quitclaim Deed (Douglas County)**
62. Defendants Douglas County and Annetta Stembridge failed to address the fraudulent Quitclaim Deed, allowing for an unjust transfer of Plaintiff's property rights.
**Count VII: Negligence by State Bar of Georgia**
63. The State Bar's negligence in failing to investigate Defendant Scott Kelly Camp's misconduct allowed for continued violations of Plaintiff's rights.

**Count VIII: Conflict of Interest and Negligence by Courtney Veal**

64. Defendant Courtney Veal's refusal to process Plaintiff's complaint against the judge prevented fair judicial review.

**Count IX: Malfeasance by Annetta Stembridge**

65. Defendant Stembridge's failure to file the rescinded Quitclaim Deed properly caused harm to Plaintiff's legal and property rights.

**Count X: Negligence and Malpractice by Scott Kelly Camp and SCOTT K. CAMP AND ASSOCIATES, LLC**

66. Defendant Scott Kelly Camp engaged in malpractice and negligence by failing to provide timely, correct and necessary documents during the divorce proceedings, causing significant harm to Plaintiff.

**Count XI: Intentional Tort**

67. Defendants Scott Kelly Camp, Andre Lamar Adams and Saadia Marie Billingsley Adams intentionally inflicted emotional and financial harm on Plaintiff by knowingly misrepresenting facts and engaging in fraudulent actions regarding custody and property distribution.

**Count XII: Fraud Upon the Court**

68. Defendants Andre Lamar Adams, Saadia Marie Billingsley Adams, and Scott Kelly Camp committed fraud upon the court by submitting false documents, including fraudulent abandonment claims and a fraudulent Quitclaim Deed, which were used to wrongfully transfer custody and property rights.

**Count XIII: Unlawful Conversion**

69. Defendants Andre Lamar Adams and Saadia Marie Billingsley Adams unlawfully converted Plaintiff's personal property by retaining items of significant sentimental and financial value without Plaintiff's consent or legal right.

**Count XIV: Personage Violation**

70. The actions of Defendants, including the fraudulent abandonment claim and wrongful enforcement of child support, constitute a violation of Plaintiff's right to freedom from unlawful personage under federal law.

**Count XV: Usufruct Violation**

71. Defendants Andre Lamar Adams and Saadia Marie Billingsley Adams violated Plaintiff's usufruct rights to jointly owned property by unlawfully transferring property rights and engaging in fraudulent actions related to the Quitclaim Deed.

**Count XVI: Peonage Violation**

72. Defendants, by engaging in fraudulent child support enforcement and wrongful retention of property, violated Plaintiff's rights under peonage laws, forcing Plaintiff into involuntary servitude under fraudulent claims.

**Count XVII: Violations of Federal Criminal Statutes**

73. The actions of Defendants violated the following criminal statutes, including, but not limited to:

- 18 U.S. Code § 287 (False claims for payment or approval)

- 18 U.S. Code § 471 (Fraudulent use of a forged document)

- 18 U.S. Code § 1001 (Fraudulent statements or concealment of facts)

- 18 U.S. Code § 1010 (False statements for loan or credit)

- 18 U.S. Code § 1014 (False statements in relation to loan applications)
- 18 U.S. Code § 1341 (Mail fraud)
- 18 U.S. Code § 1343 (Wire fraud)
- 18 U.S. Code § 1344 (Bank fraud)
- 18 U.S. Code § 1621 (Perjury)
- 18 U.S. Code § 1962 (Racketeer Influenced and Corrupt Organizations Act)
- 18 U.S. Code § 2071 (Concealment, removal, or mutilation of records)
- 18 U.S. Code § 2076 (False statements in federal matters)
- 19 U.S. Code § 1592 (Fraudulent importation or exportation)